UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

SEGUNDO CHARICANDO, LUIS MARIO
CHAVEZ HUANGA, LUIS BERMEO, and
ADOLFO DAQUILEMAN, individually and on
behalf of all others similarly situated,

                          Plaintiffs,

                -against-

TRIBESMEN GENERAL CONTRACTING, INC.,
TRIBESMEN GROUP INC., and ENDA LALLY,
as an individual,

                   Defendants.

-----------------------------------------------------------------x

**SUMMARY ORDER**
22-cv-5920 (DLI) (TAM)

**DORA L. IRIZARRY, United States District Judge:**

On June 5, 2025, Segundo Charicando, Luis Mario Chavez Huanga, Luis Bermeo, and Adolfo Daquileman (collectively, "Plaintiffs") filed a motion to enforce judgment against Enda Lally ("Lally"). *See*, Mot. to Enforce, Dkt. Entry No. 62. The Court struck the motion for violating the Court's Individual Rules and ordered Plaintiffs to show cause as to why this case should not be dismissed as moot following settlement. *See*, Electronic Order dated June 18, 2025. On July 2, 2025, Plaintiffs filed their response. *See*, Show Cause Response ("Response"), Dkt. Entry No. 63. For the reasons set forth below, the case is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

This is a Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") case for unpaid wages and overtime, and various record keeping violations. *See generally*, Compl., Dkt. Entry No. 1. On December 7, 2023, this case was referred to mediation. Electronic Order dated Dec. 7, 2023. On September 10, 2024, Plaintiffs and Lally reported settlement, thus triggering the settlement procedures set forth in *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015) ("*Cheeks*"). *See*, Electronic Entry dated Sept. 10, 2024. On November 19,

2024, the parties filed their *Cheeks* settlement proposal, which subsequently was referred to the Honorable Taryn Merkl, U.S. Magistrate Judge to conduct a fairness review.  *See*, Mot. for Settlement Approval ("*Cheeks* Settlement"), Dkt. Entry No. 46; Electronic Order dated Nov. 20, 2024.

During the fairness review, Plaintiffs voluntary dismissed corporate Defendants Tribesmen General Contracting, Inc. and Tribesmen Group Inc. (collectively, "Defaulting Defendants"), who were in default.  *See*, Notice of Voluntary Dismissal, Dkt. Entry No. 53.  The Court held Plaintiffs' voluntary dismissal in abeyance and directed them to file an affidavit or declaration attesting that no settlement agreement was reached with Defaulting Defendants.  Plaintiffs did so.  *See*, Pls. Aff., Dkt. Entry No. 56.  The voluntary dismissal then was endorsed, and Defaulting Defendants were dismissed from the case.  *See*, Electronic Order dated Jan. 16, 2025.  On February 12, 2025, Judge Merkl filed a Report and Recommendation ("R&R"), concluding that Plaintiffs' and Lally's *Cheeks* Settlement was fair and reasonable and recommended approving it in full.  *See*, R&R at 28, Dkt Entry No. 58.  No objections were filed, and the Court adopted the R&R in full.  *See*, Electronic Order dated Feb. 28, 2025.

When adopting the R&R, the Court ordered Plaintiffs to file a stipulation of dismissal following Lally's first payment of the settlement.  *Id*.  However, Lally never made the first payment.  *See*, Dkt. Entry Nos. 59, 61.  On June 5, 2025, Plaintiffs filed a motion to enforce judgment against Lally through entry of a confession of judgment, which Lally stipulated to as part of the *Cheeks* Settlement.  *See*, Dkt. Entry No. 62; *See also*, *Cheeks* Settlement at 7, Dkt. Entry No. 46-1.  The Court struck the motion to enforce judgment and directed Plaintiffs to show cause as to why the case should not be dismissed for lack of subject matter jurisdiction after the parties executed the *Cheeks* Settlement.  *See*, Electronic Order dated June 18, 2025.  On July 2, 2025, Plaintiffs filed their show cause response, arguing that the Court: (1) retained ancillary jurisdiction

2

to enforce the settlement agreement; and (2) should enter the confession of judgment as other courts in this circuit have done.[1]  *See generally*, Response.

## DISCUSSION

The Court may raise concerns regarding subject matter jurisdiction at any time.  *See*, Fed. R. Civ. P. 12(h)(3).  The Second Circuit has held that it is "good practice" for courts to give parties an opportunity to be heard on a *sua sponte* subject matter inquiry.  *See, In re Indu Craft, Inc.*, 630 F. App'x 27, 28 (2d Cir. 2015).  Mootness "is a condition that deprives the court of subject matter jurisdiction," and "[w]hen a case becomes moot, the federal courts lack [] subject matter jurisdiction over the action."  *Fox v. Bd. of Trs. of the State Univ. of N.Y.*, 42 F.3d 135, 139–40 (2d Cir. 1994) (citation and internal quotation marks omitted). A case is moot when "the parties lack a legally cognizable interest in the outcome."  *Id*. (citations omitted).

The general rule is that settlement of a case renders it moot.  *See, U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 21 (1994).  Accordingly, this FLSA action became moot after the Court adopted the R&R and approved of the parties' *Cheeks* Settlement.  The "Release" clause of the *Cheeks* Settlement, which releases and discharges all claims in this matter against Lally, supports this conclusion.  *See*, *Cheeks* Settlement at 4–5.  It explicitly states that the "Release" became effective "immediately upon Court approval."  *Id*.  Thus, once the Court approved the *Cheeks* Settlement, per the terms of it, Plaintiffs lost a legally cognizable interest in their FLSA and NYLL claims.

Plaintiffs nevertheless contend that the Court has ancillary jurisdiction to enter a confession of judgment.  Response at 3.  As an initial matter, the Federal Rules of Civil Procedure do not specifically contemplate entry of judgment by confession, which "is a product of [New York] state

---

[1] Plaintiffs' second argument is without merit.  The Court is not bound by the actions of sister courts in this circuit. Therefore, the Court is not obligated to enter a confession of judgment because of the actions of sister courts.

3

law." *Martinez v. Rockwood*, 2025 WL 459893 at *4 (S.D.N.Y. Feb. 11, 2025) (citation omitted). Courts in this circuit treat a motion to enter a confession of judgment as a motion to enforce settlement agreement. *See, Ream v. Berry-Hill Galleries*, *Inc.*, 2020 WL 5836437 at *4 (S.D.N.Y. Oct. 1, 2020) (reviewing a motion to enforce a settlement agreement and confession of judgment under the same standard); *See also, Gonzalez v. Trees R US Inc.*, 2021 WL 7283081 at *3 (E.D.N.Y. Mar. 31, 2021), *judgment entered,* 2022 WL 3045714 (E.D.N.Y. Mar. 11, 2022) (applying the ancillary jurisdiction test for a motion to enforce a settlement agreement to a motion to enter a confession of judgment).

Because a motion to enforce a settlement agreement, in essence, is a contract claim governed by state law, it "requires its own basis for jurisdiction." *See, Hendrickson v. United States*, 791 F.3d 354, 358 (2d. Cir. 2015). Plaintiffs cannot rely on federal question jurisdiction because, as noted above, the federal claim was moot the moment the Court approved and adopted the parties' *Cheeks* Settlement. Indeed, Plaintiffs no longer have an interest in their FLSA claims and instead have an interest in their settlement contract claim.

However, the Second Circuit has held that a district court may retain jurisdiction to enforce a settlement agreement via ancillary jurisdiction. *Hendrickson*, 791 F.3d at 358. "[T]o retain ancillary jurisdiction over enforcement of a settlement agreement . . . a district court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement[;] or (2) incorporate the terms of the settlement agreement in the order." *Id*. (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)). Express retention over a settlement agreement may be accomplished when a district court "so-orders" a settlement agreement, or stipulation of dismissal, that contains a provision stating the "court retains jurisdiction for enforcement purpures." *See, Taxis for All Campaign v. N.Y.C. Taxi & Limousine Comm'n*, 2024 WL 4007963 at *4 (S.D.N.Y. Aug. 29, 2024); *See also, AmTrust N. Am., Inc. v. MBA Network, LLC*, 2020 WL

4

8609020 (S.D.N.Y. Dec. 2, 2020) (retaining jurisdiction when the court "so-ordered" a stipulation of dismissal that contained a retention of jurisdiction for enforcement provision).

Here, the Court neither has "so-ordered" a stipulation of dismissal nor entered judgment in which it incorporated the terms of the settlement agreement. At most, in its Order adopting the R&R, the Court noted that: (1) "confessions of judgment against Defendant will be held in escrow by Plaintiffs' counsel and will not be filed with the Court unless Defendant defaults on his payment obligations in accord with the settlement agreement," and (2) Plaintiffs were to file a stipulation of dismissal after the first payment installment and the "[c]losure of the case shall be held in abeyance." Electronic Order dated Feb. 28, 2025. This language does not amount to express retention of the settlement agreement in order to enforce it nor an incorporation of the terms of the agreement in a judgment. In fact, no judgment or dismissal has been entered here yet.

Plaintiffs' concerns that dismissal of this case as moot would render FLSA settlement agreements "useless" is without merit. Response at 4. Plaintiffs have a fully executed and signed contract that they can seek to enforce in state court.

## CONCLUSION

For the reasons set forth above, the Court lacks subject matter jurisdiction. Accordingly, this action is dismissed and the Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
       March 31, 2026

                                                    /s/
                                    _____
                                        DORA L.  IRIZARRY
                                      United States District Judge

5